| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12797733 | D1 CM | 20636601 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

RAYMOND COLEMAN, JR.  **PLAINTIFF**
VS
CREDIT COLLECTION SERVICES AKA CREDIT CONTROL ETC.  **DEFENDANT**

CREDIT COLLECTION SERVICES AKA
CREDIT CONTROL SERVICES INC
% C T CORPORATION SYSTEM, STAT AGT
9 CAPITOL ST
CONCORD NH 03301-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

GENE M LIM
26401 EMERY ROAD SUITE 106
CLEVELAND, OH 44128-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEENA R CALABRESE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By _____
           Deputy

| DATE |
|---|
| Dec 21, 2012 |

COMPLAINT FILED  12/17/2012

CMSN130

EXHIBIT 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| RAYMOND COLEMAN, JR.<br>19116 Watercrest Rd.<br>Maple Heights, Ohio<br>44137<br><br>        Plaintiff,<br>v.<br><br>CREDIT COLLECTION SERVICES<br>aka Credit Control Services, Inc.<br>c/o C T Corporation System, Statutory Agent<br>9 Capitol Street<br>Concord NH 03301<br><br>Please also serve at:<br>P. O. Box 9134<br>Needham M.A. 02494<br><br>        Defendants. | ) CASE NO.:<br>)<br>)<br>)  Judge: DEENA R CALABRESE<br>)<br>)  CV 12 797733<br>)<br>)<br>) **COMPLAINT FOR MONEY**<br>) **DAMAGES AND OTHER RELIEF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Now comes Raymond Coleman, Jr. (the "Plaintiff"), by and through her undersigned counsel, and for her claims against defendant, Credit Collection Services aka Credit Control Services, Inc., aka, CCS, allegedly, a foreign registered company licensed to do business in Ohio, states as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, Raymond Coleman, Jr. (the "Plaintiff"), is an individual residing in Cuyahoga County, Ohio.

2. Defendant, Credit Collection Services aka Credit Control Services, Inc., aka CSS (the "Defendant"), upon information and belief, are "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA") (15 USCA §1692, et seq.).

EXHIBIT 1

3. Defendant is in the business of collecting consumer debts in and around the County of Cuyahoga and State of Ohio.

4. Defendant has been supplying certain false, misleading and derogatory information to various credit reporting agencies concerning Plaintiff's alleged debts in an attempt to collect on these alleged debts.

5. Despite the fact that Plaintiff does not owe any money on the alleged debt, Defendant has continued to falsely report said amounts to the various credit bureaus and said bureaus are now showing derogatory information on Plaintiff's credit report related to these alleged debts and/or accounts.

6. Defendant has been, and continues to, supply certain false, misleading and derogatory information to various credit reporting agencies about Plaintiff.

7. Plaintiff has demanded, in writing, that Defendant cease publishing this false and derogatory information to third parties, however, the Defendant has failed and refused to cease in these improper actions.

## COUNT I: DEFAMATION

8. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

9. Defendant made false and malicious publications against Plaintiff with the intent to injure Plaintiff's reputation, or to expose him to public contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession.

10. Plaintiff has been damaged by Defendant's defamation, and will continue to be damaged, until such matters are fully corrected.

11. Despite notice received by Defendant from Plaintiff to correct the information being reported and to discontinue to supply such defamatory information, Defendant has failed and refused to do so.

12. Defendant's defamation is the cause-in-fact and proximate cause of the damages suffered by Plaintiff, which includes loss of credit, damage to reputation, trade, and business, in addition to further damages set forth at or before the end of Plaintiff's Complaint.

## COUNT II: VIOLATIONS OF FAIR CREDIT REPORTING ACT ("FCRA")

13. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

14. Pursuant to the provisions of the Fair Credit Reporting Act ("FCRA"), Section 1681 et seq., Title 15, U.S. Code, upon notification by Plaintiff to Defendant that certain information it was reporting was inaccurate, Defendant had a duty to investigate such inaccurate reporting of information and to correct any inaccuracies.

15. Defendant willfully and/or negligently failed and/or refused to correct the false and misleading information reported, as set forth above.

16. Based upon the above cited willful and/or negligent violations of the FCRA, Plaintiff seeks damages against the Defendant in an amount set forth at or before the end of this Complaint, in addition to punitive damages and reasonable attorneys' fees as provided in said Act.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA")

17. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

18. Pursuant to the provisions of the Fair Debt Collections Practices Act ("FDCPA"), Section 1692(e)(2), Defendant had a duty to refrain from making false representations concerning the amount or legal status of any debt, or using false information to collect the debt and from collecting any amount unless such amount is expressly permitted by law.

19. Defendant violated the provisions of the FDCPA by intentionally and/or negligently supplying the various credit reporting agencies with the false information, as set forth above and by attempting to collect a debt not permitted by law.

20. Defendant's conduct in attempting to collect from Plaintiff has further violated the FDCPA.

21. Based upon the above cited willful and/or negligent violations of the FDCPA, Plaintiff seeks damages against Defendant, in an amount set forth at or before the end of this Complaint, in addition to punitive damages and attorneys' fees as provided in said Act.

## COUNT IV: OHIO CONSUMER SALES PRACTICES ACT ("CSPA")

22. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

4

EXHIBIT 1

23. By violating the FDCPA and FCRA, Defendant has violated the Ohio Consumer Sales Practices Act ("CSPA"). See *Liggins v. May Company* (1977), 53 Ohio Misc. 21, 373.

24. As a result of Defendant's violations of the CSPA, Plaintiff is entitled to compensatory damages, treble damages and attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, Credit Collection Services aka Credit Control Services, Inc., aka CSS, for all statutory damages as permitted by the FCRA, FDCPA, and CSPA in the amount in excess of $5,000.00, and for punitive damages in the amount of $10,000.00, plus the reimbursement for all reasonable attorneys' fees expended in this action, along with the affirmative relief that Defendant be ordered to immediately act to correct all false, inaccurate, incorrect and misleading information contained within the reports of all credit reporting companies, in addition to any further relief as this Honorable Court shall find, make, and Order in this Cause, with all Court and Litigation costs of this action to be assessed against Defendant.

Respectfully submitted by:

Gene M. Lim, #0059104
Gene M. Lim, Attorney At Law, LLC
26401 Emery Road, Suite 106
Cleveland, Ohio 44128
(440) 356-2882, Ext 301
(216) 245-1304 Direct Line
(216) 763-8635 Fax
glim@glimlaw.com

5

EXHIBIT 1